RAYMOND EARL SCOTT V. STATE.

No. 30,783. June 3, 1959.

*Ben G. Levy,* Houston, for appellant.

*Dan Walton,* District Attorney, *Thomas D. White, Samuel H. Robertson, Jr., Wallace C. Moore,* Assistants District Attorney, Houston, and *Leon Douglas,* State's Attorney, Austin, for the state.

MORRISON, Presiding Judge.

The offense is rape; the punishment, 10 years.

Prosecutrix, an eleven-year-old girl, resided temporarily at 32 Taylor Courts in Houston, while the appellant, an eighteen-year-old young man, resided at 17 Taylor Courts. Prosecutrix testified that he had seen the appellant before the night of the rape but did not know his name; that while she was asleep the appellant came in her room; that he then choked her, told her if she hollered he would kill her, dragged her out of the house to a spot nearby where he ravished her without her consent. As soon as she was released, the prosecutrix made her way back home, where she made prompt outcry, and was carried to the hospital where the examining physician found a tear in her vagina which required suturing.

Appellant was arrested, identified by the prosecutrix in a lineup, and his underpants were shown by the testimony of a chemist to have semenal stains on and around the fly.

Appellant, testifying in his own behalf, denied the rape and stated that he was at home in bed. He was in a measure corroborated by two women who lived in the same house, but the state called a police officer on rebuttal who testified that the two women had told him on the night when the appellant was arrested that they did not know when the appellant had come home.

There are no formal bills of exception, and only two questions are raised in the brief.

Appellant first contends that the state failed to prove penetration. We do not agree. Prosecutrix was shown to refer to her private parts as "my self" and the appellant's private parts

as "his self." She testified that he placed "his self" into "my self," that it hurt, and that she bled. The doctor's testimony further established penetration.

Appellant next contends that he was deprived of the right to examine an alleged statement which the prosecutrix made to the investigating officers. There is nothing in this record to indicate that the prosecutrix had in fact made a written statement concerning this offense. The record discloses the following question and answer, and nothing more: "Q. Did you make a statement, did you tell the police officer anything? A. Yes, sir." Without a showing that prosecutrix had in fact made a written statement and that the same was in the hands of the investigating officers or the prosecution staff, nothing is presented for review.

Finding the evidence sufficient to support the conviction and no reversible error appearing, the judgment is affirmed.